ORIGINAL

FILED ... AUG ... LUT... By: Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TERESA YATES; MARGARET McLANE; ROXANN LABRA; CAROLINE BATTIN; CAROL SMITH; ROSEMARY DOYLE; WALLACE REES; DEBORAH BARBERIO; KONNI SMITH; LILA BARRETT; CHRISTINE SENNE; SHIRLEY LECROY; A. CLAUDETTE CATHER; CHERYL KENT; MARLENE BARRETT; KATHLEEN HAWLEY; BRENDA EASTON; VENITA OCHS; CONNIE HADLEY; AMY PARKER; DAVID LARSEN; JERRY CULLUM; JANET OLSEN; DENNA PALMER; NAOMI ANDERSON; KELLY YOUNG; GUST KARMERIS; LAURIE KRANITSKY; JOE LINDSTEADT; BARBARA MARTINSON; JOSIANE MEIR; PANAYIOTA NIKOPOULOS; ROMA LEE TAYLOR; SHELBY BENNETT; LINDA BENTON; ALDA BIGHORN; SHELIA DAVIS; MELODY FLEMINGS; ALICE FRAME; ELIZABETH GAY; MARY JANE GEBS; CINDY GRAHAM; ERIC HALEY; DORIS HARRIS; ROSE HARTSELL; VIVIAN HATCH; SHIRLEY HAWLEY; DONNA J. BELL; ELLEN MOORE; and DIANA HIBNER, | ) | CIVIL ACTION FILE<br><br>NO. 1:03-CV-2206 - ODE |

3

**Plaintiffs,** )
)
**vs.** )
)
**WYETH, INC., f/k/a AMERICAN HOME PRODUCTS CORPORATION; WYETH PHARMACEUTICALS, INC f/k/a WYETH-AYERST PHARMACEUTICALS, INC., a Division of American Home Products Corporation; INDEVUS PHARMACEUTICALS, INC., f/k/a INTERNEURON PHARMACEUTICALS, INC.; CELLTECH PHARMACEUTICALS, INC.; ROBERT L. SCOTT, a citizen of the State of Georgia; JOHN A. MOLNAR, a citizen of the State of Georgia; STEVEN KAISER a citizen of the State of Georgia; DOUGLAS W. RAY, a citizen of the State of Georgia; and JOHN DOE NOS. 1 – 2,** )
)
**Defendants.** )

## ANSWER AND JURY DEMAND OF DEFENDANTS ROBERT L. SCOTT, JOHN A. MOLNAR AND STEVEN KAISER

Defendants Robert L. Scott ("Scott"), John A. Molnar ("Molnar") and Steven Kaiser ("Kaiser") (collectively, the "Individual Defendants") hereby answer Plaintiffs' Complaint, as follows:

## <u>FIRST DEFENSE</u>

The Individual Defendants answer the correspondingly numbered paragraphs in Plaintiffs' Complaint as follows:

1. The Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of Plaintiffs' Complaint.

2. Paragraph 2 of Plaintiffs' Complaint states a legal conclusion to which no response is required, but, if a response is deemed necessary, the Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations in paragraph 2 of the Plaintiffs' Complaint. In further answer, the Individual Defendants state that certain allegations in paragraph 2 of Plaintiffs' Complaint seek to characterize a writing, which writing speaks for itself, and any attempt to characterize the writing is expressly denied.

3. The Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of Plaintiffs' Complaint.

4. The Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of Plaintiffs' Complaint.

5. Paragraph 5 of Plaintiffs' Complaint states a legal conclusion to which no response is required, but, if a response is deemed necessary, the Individual Defendants are without knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph 5 of the Plaintiffs' Complaint. In further answer, the Individual Defendants state that certain allegations in paragraph 5 of Plaintiffs' Complaint seek to characterize a writing, which writing speaks for itself, and any attempt to characterize the writing is expressly denied.

6. Paragraph 6 of Plaintiffs' Complaint states a legal conclusion to which no response is required, but, if a response is deemed necessary, the Individual Defendants deny the allegations in paragraph 6 of Plaintiffs' Complaint as such allegations relate to the Individual Defendants, and the Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of Plaintiffs' Complaint as such allegations relate to Defendants other than the Individual Defendants. In further answer, the Individual Defendants state that certain allegations in paragraph 6 of Plaintiffs' Complaint seek to characterize a writing, which writing speaks for itself, and any attempt to characterize the writing is expressly denied.

7. The Individual Defendants deny the allegations in paragraph 7 of Plaintiffs' Complaint as such allegations relate to the Individual Defendants, except the Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations regarding Plaintiffs' purpose for initiating this lawsuit, and the Individual Defendants are without

knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of Plaintiffs' Complaint as such allegations relate to Defendants other than the Individual Defendants.

8. Paragraph 8 of Plaintiffs' Complaint states a legal conclusion to which no response is required, but, if a response is deemed necessary, the Individual Defendants admit that plaintiffs seek damages, but deny that they are entitled to damages. In further answer, the Individual Defendants state that certain allegations in paragraph 8 of Plaintiffs' Complaint seek to characterize a writing, which writing speaks for itself, and any attempt to characterize the writing is expressly denied.

9. Paragraph 9 of Plaintiffs' Complaint states a legal conclusion to which no response is required, but, if a response is deemed necessary, the Individual Defendants admit that plaintiffs seek damages, but deny that they are entitled to damages. In further answer, the Individual Defendants state that certain allegations in paragraph 9 of Plaintiffs' Complaint seek to characterize a writing, which writing speaks for itself, and any attempt to characterize the writing is expressly denied.

10. The Individual Defendants deny the allegations in paragraph 10 of Plaintiffs' Complaint as such allegations relate to the Individual Defendants, and

the Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of Plaintiffs' Complaint as such allegations relate to Defendants other than the Individual Defendants.

11. The Individual Defendants deny the allegations in paragraph 11 of Plaintiffs' Complaint as such allegations relate to the Individual Defendants, and the Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of Plaintiffs' Complaint as such allegations relate to Defendants other than the Individual Defendants.

12. The Individual Defendants state that certain allegations in paragraph 12 of Plaintiffs' Complaint seek to characterize a writing, to which no response is required, but, if a response is deemed necessary, the Individual Defendants state that the referenced writing speaks for itself, and any attempt to characterize the writing is expressly denied.

13. The Individual Defendants state that certain allegations in paragraph 13 of Plaintiffs' Complaint seek to characterize a writing, to which no response is required, but, if a response is deemed necessary, the Individual Defendants state that the referenced writing speaks for itself, and any attempt to characterize the writing is expressly denied.

14. The Individual Defendants state that certain allegations in paragraph 14 of Plaintiffs' Complaint seek to characterize a writing, to which no response is required, but, if a response is deemed necessary, the Individual Defendants state that the referenced writing speaks for itself, and any attempt to characterize the writing is expressly denied.

15. The Individual Defendants state that certain allegations in paragraph 15 of Plaintiffs' Complaint seek to characterize a writing, to which no response is required, but, if a response is deemed necessary, the Individual Defendants state that the referenced writing speaks for itself, and any attempt to characterize the writing is expressly denied.

16. Paragraph 16 of Plaintiffs' Complaint states a legal conclusion to which no response is required, but, if a response if deemed necessary, the Individual Defendants expressly deny paragraph 16 of Plaintiff's Complaint, except that the Individual Defendants admit that Alexander v. Fulton discusses the permissive joinder rule. In further answer, the Individual Defendants state that certain allegations in paragraph 16 of Plaintiffs' Complaint seek to characterize a writing, to which no response is required, but, if a response is deemed necessary, the Individual Defendants state that the referenced writing speaks for itself, and any attempt to characterize the writing is expressly denied.

17. Paragraph 17 of Plaintiffs' Complaint states a legal conclusion to which no response is required, but, if a response is deemed necessary, the Individual Defendants deny the allegations in paragraph 17 of Plaintiffs' Complaint. In further answer, the Individual Defendants state that certain allegations in paragraph 17 of Plaintiffs' Complaint seek to characterize a writing, to which no response is required, but, if a response is deemed necessary, the Individual Defendants state that the referenced writing speaks for itself, and any attempt to characterize the writing is expressly denied.

**Defendants**

18. The Individual Defendants deny the allegations in paragraph 18 of Plaintiffs' Complaint, except the Individual Defendants admit that prior to March 11, 2002, AHPC was a Delaware corporation with its principal place of business at Five Giralda Farms, Madison, New Jersey 07947, and that, prior to September 15, 1997, AHPC, through Wyeth-Ayerst Laboratories Division of AHPC ("WALD"), marketed, distributed, promoted to health care providers, and sold Redux™ brand of dexfenfluramine hydrochloride ("Redux") in interstate commerce for use in accordance with its FDA-approved prescribing information and subject to the warnings, precautions and contraindications stated therein.

19. The Individual Defendants admit that on or about March 11, 2002, American Home Products Corporation ("AHPC") changed its name to Wyeth.

20. Paragraph 20 of Plaintiffs' Complaint states a legal conclusion to which no response is required, but, if a response is deemed necessary, the Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of Plaintiffs' Complaint.

21. Paragraph 21 of Plaintiffs' Complaint states a legal conclusion to which no response is required, but, if a response is deemed necessary, the Individual Defendants deny the allegations in paragraph 21 of Plaintiffs' Complaint, except that the Individual Defendants admit only that federal subject matter jurisdiction exists.

22. The Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of Plaintiffs' Complaint.

23. The Individual Defendants admit that on or about March 22, 2002, Wyeth-Ayerst Pharmaceuticals Inc. changed its name to Wyeth Pharmaceuticals Inc.

24. Paragraph 24 of Plaintiffs' Complaint states a legal conclusion to which no response is required, but, if a response is deemed necessary, the

Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of Plaintiffs' Complaint.

25. Paragraph 25 of Plaintiffs' Complaint states a legal conclusion to which no response is required, but, if a response is deemed necessary, the Individual Defendants deny the allegations in paragraph 25 of Plaintiffs' Complaint, except that the Individual Defendants admit only that federal subject matter jurisdiction exists.

26. The Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of Plaintiffs' Complaint.

27. The Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of Plaintiffs' Complaint.

28. Paragraph 28 of Plaintiffs' Complaint states a legal conclusion, to which no response is required, but, if a response is deemed necessary, the Individual Defendants state that certain allegations in paragraph 28 of Plaintiffs' Complaint seek to characterize a writing, which writing speaks for itself, and any attempt to characterize the writing is expressly denied.

29. Paragraph 29 of Plaintiffs' Complaint states a legal conclusion to which no response is required, but, if a response is deemed necessary, the Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of Plaintiffs' Complaint.

30. Paragraph 30 of Plaintiffs' Complaint states a legal conclusion to which no response is required, but, if a response is deemed necessary, the Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of Plaintiffs' Complaint.

31. The Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of Plaintiffs' Complaint.

32. Paragraph 32 of Plaintiffs' Complaint states a legal conclusion, to which no response is required, but, if a response is deemed necessary, the Individual Defendants state that certain allegations in paragraph 32 of Plaintiffs' Complaint seek to characterize a writing, which writing speaks for itself, and any attempt to characterize the writing is expressly denied.

33. Paragraph 33 of Plaintiffs' Complaint states a legal conclusion to which no response is required, but, if a response is deemed necessary, the

Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of Plaintiffs' Complaint.

34. Paragraph 34 of Plaintiffs' Complaint states a legal conclusion to which no response is required, but, if a response is deemed necessary, the Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of Plaintiffs' Complaint.

35. Molnar and Kaiser are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Plaintiffs' Complaint. Scott denies the allegations in paragraph 35 of Plaintiffs' Complaint, except that Scott admits that he is a Georgia resident, that his address is 660 St. Regis Lane, Alpharetta, Fulton County, Georgia, 30022 and that he was employed by American Home Products Corporation and its division, Wyeth-Ayerst Pharmaceuticals.

36. Molnar and Kaiser deny the allegations in paragraph 36 of Plaintiffs' Complaint as such allegations relate to them, and Molnar and Kaiser are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 of the Plaintiffs' Complaint as such allegations relate to Defendants other than Molnar and Kaiser. Scott denies the allegations in paragraph 36 of Plaintiffs' Complaint as such allegations relate to him, and Scott

is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 of Plaintiffs' Complaint as such allegations relate to Defendants other than Scott.

37. Molnar and Kaiser are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 of the Plaintiffs' Complaint. Scott denies the allegations in paragraph 37 of Plaintiffs' Complaint.

38. Molnar and Kaiser are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 of the Plaintiffs' Complaint. Scott denies the allegations in paragraph 38 of Plaintiffs' Complaint.

39. Molnar and Kaiser deny the allegations in paragraph 39 of Plaintiffs' Complaint as such allegations relate to them, and Molnar and Kaiser are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 of Plaintiffs' Complaint as such allegations relate to Defendants other than Molnar and Kaiser. Scott denies the allegations in paragraph 39 of Plaintiffs' Complaint as such allegations relate to Scott, and Scott is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 of Plaintiffs' Complaint as such allegations relate to Defendants other than Scott.

40. Paragraph 40 of Plaintiffs' Complaint states a legal conclusion to which no response is required, but, if a response is deemed necessary, Molnar and Kaiser are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 of Plaintiffs' Complaint, and Scott admits only that he resides at 660 St. Regis Lane, Alpharetta, Fulton County, Georgia 30022.

41. Paragraph 41 of Plaintiffs' Complaint states a legal conclusion to which no response is required, but, if a response is deemed necessary, Molnar and Kaiser are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 of Plaintiffs' Complaint, and Scott denies the allegations in paragraph 41 of Plaintiffs' Complaint, except that Scott admits only that federal subject matter jurisdiction exists.

42. Scott and Kaiser are without knowledge or information to form a belief as to the truth of the allegations in paragraph 42 of the Plaintiffs' Complaint. Molnar denies the allegations in paragraph 42 of plaintiff's complaint, but admits that he is a Georgia resident and that he was employed by Wyeth, Inc., and its division Wyeth Pharmaceuticals.

43. Scott and Kaiser deny the allegations in paragraph 43 of Plaintiffs' Complaint as such allegations relate to them, and Scott and Kaiser are without

knowledge or information to form a belief as to the truth of the allegations in paragraph 43 of the Plaintiffs' Complaint as such allegations relate to Defendants other than Scott and Kaiser. Molnar denies the allegations in paragraph 43 of Plaintiffs' Complaint as such allegations relate to him, and Molnar is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 of Plaintiffs' Complaint as such allegations relate to Defendants other than Molnar.

44. Scott and Kaiser are without knowledge or information to form a belief as to the truth of the allegations in paragraph 44 of the Plaintiffs' Complaint. Molnar denies the allegations in paragraph 44 of Plaintiffs' Complaint.

45. Paragraph 45 of Plaintiffs' Complaint states a legal conclusion, to which no response is required, but, if a response is deemed necessary, the Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 of the Plaintiffs' Complaint. In further answer, the Individual Defendants state that certain allegations in paragraph 45 of Plaintiffs' Complaint seek to characterize a writing, to which no response is required, but, if a response is deemed necessary, the

Individual Defendants state that the referenced writing speaks for itself, and any attempt to characterize the writing is expressly denied.

46. Paragraph 46 of Plaintiff's Complaint states a legal conclusion, to which no response is required, but, if a response is deemed necessary, the Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 of Plaintiffs' Complaint. In further answer, the Individual Defendants state that certain allegations in paragraph 46 of Plaintiffs' Complaint seek to characterize a writing, to which no response is required, but, if a response is deemed necessary, the Individual Defendants state that the referenced writing speaks for itself, and any attempt to characterize the writing is expressly denied.

47. Paragraph 47 of Plaintiff's Complaint states a legal conclusion, to which no response is required, but, if a response is deemed necessary, the Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 of Plaintiffs' Complaint. In further answer, the Individual Defendants state that certain allegations in paragraph 47 of Plaintiffs' Complaint seek to characterize a writing, to which no response is required, but, if a response is deemed necessary, the Individual

Defendants state that the referenced writing speaks for itself, and any attempt to characterize the writing is expressly denied.

48. Scott and Kaiser are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 of Plaintiffs' Complaint, and therefore those allegations are denied at this time. Molnar denies the allegations in paragraph 48 of Plaintiffs' Complaint.

49. The Individual Defendants state that certain allegations in paragraph 49 of Plaintiffs' Complaint seek to characterize a writing, to which no response is required, but, if a response is deemed necessary, the Individual Defendants state that the referenced writing speaks for itself, and any attempt to characterize the writing, as well as the remaining allegations of this paragraph, are expressly denied.

50. Scott and Kaiser are without knowledge or information to form a belief as to the truth of the allegations in paragraph 50 of the Plaintiffs' Complaint as such allegations relate to Defendants other than Scott and Kaiser. Molnar is without knowledge or information to form a belief as to the truth of the allegations in paragraph 50 of the Plaintiffs' Complaint as such allegations relate to Defendants other than Molnar. In further answer, the Individual Defendants state that certain allegations in paragraph 50 of Plaintiffs' Complaint seek to

characterize a writing, to which no response is required, but, if a response is deemed necessary, the Individual Defendants state that the referenced writing speaks for itself, and any attempt to characterize the writing is expressly denied.

51. Scott and Kaiser are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 of Plaintiffs' Complaint. Molnar denies the allegations in paragraph 51 of Plaintiffs' Complaint.

52. Scott and Kaiser are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 of Plaintiffs' Complaint. Molnar denies the allegations in paragraph 52 of Plaintiffs' Complaint.

53. Scott and Kaiser are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 of Plaintiffs' Complaint. Molnar denies the allegations in paragraph 53 of Plaintiffs' Complaint.

54. Scott and Kaiser deny the allegations in paragraph 54 of Plaintiffs' Complaint as such allegations relate to them, and Scott and Kaiser are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 of Plaintiffs' Complaint as such allegations relate to

Defendants other than Scott and Kaiser. Molnar denies the allegations in paragraph 54 of Plaintiffs' Complaint as such allegations relate to Molnar, and Molnar is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 of Plaintiffs' Complaint as such allegations relate to Defendants other than Molnar.

55. Paragraph 55 of Plaintiffs' Complaint states a legal conclusion to which no response is required, but, if a response is deemed necessary, Scott and Kaiser are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55 of Plaintiffs' Complaint, and Molnar denies the allegations in paragraph 55 of Plaintiffs' Complaint.

56. Paragraph 56 of Plaintiffs' Complaint states a legal conclusion to which no response is required, but, if a response is deemed necessary, Scott and Kaiser are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 of Plaintiffs' Complaint, and Molnar denies the allegations in paragraph 56 of Plaintiffs' Complaint, except that Molnar admits only that federal subject matter jurisdiction exists.

57. Scott and Molnar deny the allegations in paragraph 57 of Plaintiffs' Complaint as they relate to them, and Scott and Molnar are without knowledge or information sufficient to form a belief as to the truth of the allegations in

paragraph 57 of Plaintiffs' Complaint as they relate to Defendants other than Scott or Molnar. Kaiser denies the allegations in Paragraph 57 of Plaintiff's Complaint, except that Kaiser admits that he is a Georgia resident, that his address is 595 Dana's Ridge Drive, Roswell, Fulton County, Georgia 30075, and that he was employed by Wyeth-Ayerst Laboratories, a division of American Home Products Corporation.

58. Scott and Molnar deny the allegations in paragraph 58 of Plaintiffs' Complaint as such allegations relate to them, and Scott and Molnar are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58 of Plaintiffs' Complaint as such allegations relate to Defendants other than Scott and Molnar. Kaiser denies the allegations in paragraph 58 of Plaintiffs' Complaint as such allegations relate to Kaiser, and Kaiser is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58 of Plaintiffs' Complaint as such allegations relate to Defendants other than Kaiser.

59. Paragraph 59 of Plaintiffs' Complaint states a legal conclusion to which no response is required, but, if a response is deemed necessary, Scott and Molnar are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 of Plaintiffs' Complaint, and Kaiser denies

the allegations in paragraph 59 of Plaintiff's Complaint, except that Kaiser admits only that he resides at 595 Dana's Ridge Drive, Roswell, Fulton County, Georgia 30075.

60. Paragraph 60 of Plaintiffs' Complaint states a legal conclusion to which no response is required, but, if a response is deemed necessary, Scott and Molnar are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60 of Plaintiffs' Complaint, and Kaiser denies the allegations in paragraph 60 of Plaintiffs' Complaint, except that Kaiser admits only that federal subject matter jurisdiction exists.

61. The Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61 of Plaintiffs' Complaint.

62. The Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62 of Plaintiffs' Complaint.

63. The Individual Defendants deny the allegations in paragraph 63 of Plaintiffs' Complaint as such allegations relate to them, and the Individual Defendants are without knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph 63 of Plaintiffs' Complaint as they relate to defendants other than the Individual Defendants.

64. Paragraph 64 of Plaintiffs' Complaint states a legal conclusion, to which no response is required, but, if a response is deemed necessary, the Individual Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations raised in Paragraph 64 of Plaintiffs' Complaint.

65. Paragraph 65 of Plaintiffs' Complaint states a legal conclusion to which no response is required, but, if a response is deemed necessary, the Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65 of Plaintiffs' Complaint.

66. The Individual Defendants deny the allegations in paragraph 66 of Plaintiffs' Complaint as such allegations relate to the Individual Defendants, and the Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 66 of Plaintiffs' Complaint as such allegations relate to Defendants other than the Individual Defendants.

67. Paragraph 67 of Plaintiffs' Complaint states a legal conclusion to which no response is required, but, if a response is deemed necessary, the

Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67 of Plaintiffs' Complaint.

68. Paragraph 68 of Plaintiffs' Complaint states a legal conclusion to which no response is required, but, if a response is deemed necessary, the Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68 of Plaintiffs' Complaint.

## General Allegations

69. The Individual Defendants deny the allegations in paragraph 69 of Plaintiffs' Complaint as such allegations relate to the Individual Defendants, and the Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69 of Plaintiffs' Complaint as such allegations relate to Defendants other than the Individual Defendants.

70. The Individual Defendants deny the allegations in paragraph 70 of Plaintiffs' Complaint as such allegations relate to the Individual Defendants, except the Individual Defendants admit that fenfluramine (Pondimin) in combination with phentermine, has been referred to as "fen-phen," and the Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70 of Plaintiffs' Complaint as such allegations relate to Defendants other than the Individual Defendants.

71. The Individual Defendants deny the allegations in paragraph 71 of Plaintiffs' Complaint as such allegations relate to the Individual Defendants, and the Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71 of Plaintiffs' Complaint as such allegations relate to Defendants other than the Individual Defendants.

72. The Individual Defendants deny the allegations in paragraph 72 of Plaintiffs' Complaint as such allegations relate to the Individual Defendants, and the Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72 of Plaintiffs' Complaint as such allegations relate to Defendants other than the Individual Defendants.

73. The Individual Defendants deny the allegations in paragraph 73 of Plaintiffs' Complaint as such allegations relate to the Individual Defendants, and the Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73 of Plaintiffs' Complaint as such allegations relate to Defendants other than the Individual Defendants.

74. The Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74 of Plaintiffs' Complaint.

75. The Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 75 of Plaintiffs' Complaint, except that the Individual Defendants admit that fenfluramine in combination with phentermine has been referred to as "fen-phen."

76. The Individual Defendants deny the allegations in paragraph 76 of Plaintiffs' Complaint as such allegations relate to the Individual Defendants, and the Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76 of Plaintiffs' Complaint as such allegations relate to Defendants other than the Individual Defendants.

77. The Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 77 of Plaintiffs' Complaint.

78. The Individual Defendants deny the allegations in paragraph 78 of Plaintiffs' Complaint as such allegations relate to the Individual Defendants, and the Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78 of Plaintiffs' Complaint as such allegations relate to Defendants other than the Individual Defendants.

79. The Individual Defendants deny the allegations in paragraph 79 of Plaintiffs' Complaint as such allegations relate to the Individual Defendants, and

the Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79 of Plaintiffs' Complaint as such allegations relate to Defendants other than the Individual Defendants.

80. The Individual Defendants deny the allegations in paragraph 80 of Plaintiffs' Complaint as such allegations relate to the Individual Defendants, and the Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80 of Plaintiffs' Complaint as such allegations relate to Defendants other than the Individual Defendants.

81. The Individual Defendants deny the allegations in paragraph 81 of Plaintiffs' Complaint as such allegations relate to the Individual Defendants, and the Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81 of Plaintiffs' Complaint as such allegations relate to Defendants other than the Individual Defendants.

82. The Individual Defendants deny the allegations in paragraph 82 of Plaintiffs' Complaint as such allegations relate to the Individual Defendants, and the Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82 of Plaintiffs' Complaint as such allegations relate to Defendants other than the Individual Defendants.

83. The Individual Defendants deny the allegations in paragraph 83 of Plaintiffs' Complaint as such allegations relate to the Individual Defendants, and the Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83 of Plaintiffs' Complaint as such allegations relate to Defendants other than the Individual Defendants.

84. The Individual Defendants deny the allegations in paragraph 84 of Plaintiffs' Complaint as such allegations relate to them, and the Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84 of Plaintiffs' Complaint as such allegations relate to Defendants other than the Individual Defendants. In further answer, the Individual Defendants state that certain allegations in paragraph 84 seek to characterize writings, which writings speak for themselves, and any attempt to characterize them is expressly denied.

85. The Individual Defendants deny the allegations in paragraph 85 of Plaintiffs' Complaint as such allegations relate to the Individual Defendants, and the Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85 of Plaintiffs' Complaint as such allegations relate to Defendants other than the Individual Defendants.

86. The Individual Defendants deny the allegations in paragraph 86 of Plaintiffs' Complaint as such allegations relate to the Individual Defendants, and the Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 86 of Plaintiffs' Complaint as such allegations relate to Defendants other than the Individual Defendants.

87. The Individual Defendants deny the allegations in paragraph 87 of Plaintiffs' Complaint as such allegations relate to the Individual Defendants, and the Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 87 of Plaintiffs' Complaint as such allegations relate to Defendants other than the Individual Defendants.

88. The Individual Defendants deny the allegations in paragraph 88 of Plaintiffs' Complaint as such allegations relate to the Individual Defendants, and the Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88 of Plaintiffs' Complaint as such allegations relate to Defendants other than the Individual Defendants.

89. The Individual Defendants deny the allegations in paragraph 89 of Plaintiffs' Complaint as such allegations relate to the Individual Defendants, and the Individual Defendants are without knowledge or information sufficient to form

a belief as to the truth of the allegations in paragraph 89 of Plaintiffs' Complaint as such allegations relate to Defendants other than the Individual Defendants.

90. The Individual Defendants deny the allegations in paragraph 90 of Plaintiffs' Complaint as such allegations relate to the Individual Defendants, and the Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 90 of Plaintiffs' Complaint. In further answer, the Individual Defendants state that certain allegations in paragraph 90 of Plaintiffs' Complaint seek to characterize a writing, to which no response is required, but, if a response is deemed necessary, the Individual Defendants state that the referenced writing speaks for itself, and any attempt to characterize the writing is expressly denied.

91. The Individual Defendants deny the allegations in paragraph 91 of Plaintiffs' Complaint as such allegations relate to the Individual Defendants, and the Individual Defendants state that the remaining allegations in paragraph 91 of Plaintiffs' Complaint seek to characterize a writing, to which no response is required, but, if a response to the remaining allegations is deemed necessary, the Individual Defendants state that the referenced writing speaks for itself, and any attempt to characterize the writing is expressly denied.

92. The Individual Defendants deny the allegations in paragraph 92 of Plaintiffs' Complaint as such allegations relate to the Individual Defendants, and the Individual Defendants state that the remaining allegations in paragraph 92 of Plaintiffs' Complaint seek to characterize certain writings, to which no response is required, but, if a response is deemed necessary, the Individual Defendants state that the referenced writings speak for themselves, and any attempt to characterize the writings is expressly denied.

93. The Individual Defendants deny the allegations in paragraph 93 of Plaintiffs' Complaint as such allegations relate to the Individual Defendants, and the Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 93 of Plaintiffs' Complaint as they relate to defendants other than the Individual Defendants. In further answer, the Individual Defendants state that certain allegations in paragraph 93 of Plaintiffs' Complaint seek to characterize a writing, to which no response is required, but, if a response is deemed necessary, the Individual Defendants state that the referenced writing speaks for itself, and any attempt to characterize the writing is expressly denied.

94. The Individual Defendants deny the allegations in paragraph 94 of Plaintiffs' Complaint as such allegations relate to the Individual Defendants, and

the Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 94 of Plaintiffs' Complaint as they relate to defendants other than the Individual Defendants. In further answer, the Individual Defendants state that the allegations in paragraph 94 of Plaintiffs' Complaint seek to characterize writings, to which no response is required, but, if a response is deemed necessary, the Individual Defendants state that the referenced writings speak for themselves, and any attempt to characterize these writings is expressly denied.

95. The Individual Defendants deny the allegations in paragraph 95 of Plaintiffs' Complaint as such allegations relate to the Individual Defendants, and the Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 95 of Plaintiffs' Complaint as they relate to defendants other than the Individual Defendants. In further answer, the Individual Defendants state that the allegations in paragraph 95 of Plaintiffs' Complaint seek to characterize writings, to which no response is required, but, if a response is deemed necessary, the Individual Defendants state that the referenced writings speak for themselves, and any attempt to characterize these writings is expressly denied.

96. The Individual Defendants deny the allegations in paragraph 96 of Plaintiffs' Complaint as such allegations relate to the Individual Defendants, and the Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 96 of Plaintiffs' Complaint as they relate to defendants other than the Individual Defendants. In further answer, the Individual Defendants state that the allegations in paragraph 96 of Plaintiffs' Complaint seek to characterize writings, to which no response is required, but, if a response is deemed necessary, the Individual Defendants state that the referenced writings speak for themselves, and any attempt to characterize these writings is expressly denied.

97. The Individual Defendants state that the allegations in paragraph 97 of Plaintiffs' Complaint seek to characterize a writing, to which no response is required, but, if a response is deemed necessary, the Individual Defendants state that the referenced writing speaks for itself, and any attempt to characterize the writing is expressly denied, and the Individual Defendants deny the remaining allegations in paragraph 97 of Plaintiffs' Complaint.

98. The Individual Defendants deny the allegations in paragraph 98 as they relate to them, and are without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 98 of Plaintiffs' Complaint as such allegations relate to Defendants other than the Individual Defendants.

99. The Individual Defendants deny the allegations in paragraph 99 as they relate to them, and are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 99 of Plaintiffs' Complaint as such allegations relate to Defendants other than the Individual Defendants.

100. The Individual Defendants deny the allegations in paragraph 100 as they relate to them, and are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 100 of Plaintiffs' Complaint as such allegations relate to Defendants other than the Individual Defendants.

101. The Individual Defendants deny the allegations in paragraph 101 as they relate to them, and are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 101 of Plaintiffs' Complaint as such allegations relate to Defendants other than the Individual Defendants.

102. The Individual Defendants deny the allegations in paragraph 102 as they relate to them, and are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 102 of Plaintiffs' Complaint as such allegations relate to Defendants other than the Individual Defendants.

103. The Individual Defendants deny the allegations in paragraph 103 as they relate to them, and are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 103 of Plaintiffs' Complaint as such allegations relate to Defendants other than the Individual Defendants.

104. The Individual Defendants deny the allegations in paragraph 104 as they relate to them, and are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 104 of Plaintiffs' Complaint as such allegations relate to Defendants other than the Individual Defendants.

105. The Individual Defendants deny the allegations in paragraph 105 as they relate to them, and are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 105 of Plaintiffs' Complaint as such allegations relate to Defendants other than the Individual Defendants.

106. The Individual Defendants deny the allegations in paragraph 106 of Plaintiffs' Complaint as such allegations relate to the Individual Defendants, and the Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 106 of Plaintiffs' Complaint as such allegations relate to Defendants other than the Individual Defendants.

107. The Individual Defendants deny the allegations in paragraph 107 of Plaintiffs' Complaint as such allegations relate to the Individual Defendants, and

the Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 107 of Plaintiffs' Complaint as such allegations relate to Defendants other than the Individual Defendants.

108. The Individual Defendants deny the allegations in paragraph 108 of Plaintiffs' Complaint as such allegations relate to the Individual Defendants, and the Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 108 of Plaintiffs' Complaint as such allegations relate to Defendants other than the Individual Defendants.

109. The Individual Defendants deny the allegations in paragraph 109 of Plaintiffs' Complaint as such allegations relate to the Individual Defendants, and the Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 109 of Plaintiffs' Complaint as such allegations relate to Defendants other than the Individual Defendants.

110. The Individual Defendants deny the allegations in paragraph 110 of Plaintiffs' Complaint.

111. The Individual Defendants deny the allegations in paragraph 111 of Plaintiffs' Complaint as such allegations relate to the Individual Defendants, and the Individual Defendants are without knowledge or information sufficient to form

a belief as to the truth of the allegations in paragraph 111 of Plaintiffs' Complaint as such allegations relate to Defendants other than the Individual Defendants.

112. The Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 112 of Plaintiffs' Complaint regarding Plaintiffs' product usage, and the Individual Defendants deny the remaining allegations in paragraph 112 of Plaintiffs' Complaint.

113. The Individual Defendants deny the allegations in paragraph 113 of Plaintiffs' Complaint as such allegations relate to the Individual Defendants, and the Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 113 of Plaintiffs' Complaint as such allegations relate to Defendants other than the Individual Defendants.

114. The Individual Defendants deny all allegations in paragraph 114 of Plaintiffs' Complaint, including sub-parts therewith, as such allegations relate to the Individual Defendants, and the Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 114 of Plaintiffs' Complaint as such allegations relate to other Defendants.

115. The Individual Defendants deny the allegations in paragraph 115 of Plaintiffs' Complaint as such allegations relate to them, and the Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 115 of Plaintiffs' Complaint as such allegations relate to Defendants other than the Individual Defendants or to Plaintiffs' product usage, medical condition, and alleged damages and losses.

116. Scott denies the allegations of paragraph 116 as they relate to him, except Scott admits that he lives in Georgia, and Scott is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 116 of Plaintiffs' Complaint as they relate to other defendants. Molnar denies the allegations of paragraph 116 as they relate to him, except Molnar admits that he lives in Georgia, and Molnar is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 116 of Plaintiffs' Complaint as they relate to other defendants. Kaiser denies the allegations of paragraph 116 as they relate to him, except Kaiser admits that he lives in Georgia, and Kaiser is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 116 of Plaintiffs' Complaint as they relate to other defendants.

117. The Individual Defendants deny the allegations of paragraph 117 as they relate to them, and the Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 117 of Plaintiffs' Complaint as they relate to other defendants.

**COUNT I (STRICT LIABILITY – DEFECTIVE PRODUCT)**

118. The Individual Defendants repeat and reallege their responses to paragraphs 1 through 117 in Plaintiffs' Complaint as if fully set forth herein.

119. Paragraph 119 of Plaintiffs' Complaint states a legal conclusion, to which no response is required, but, if a response is deemed necessary, the Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 119 of Plaintiffs' Complaint.

120. The Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 120 of Plaintiffs' Complaint.

121. The Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 121 of Plaintiffs' Complaint.

122. The Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 122 of Plaintiffs' Complaint.

123. The Individual Defendants deny the allegations in paragraph 123 of Plaintiffs' Complaint as such allegations relate to the Individual Defendants, and the Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 123 of Plaintiffs' Complaint as such allegations relate to Defendants other than the Individual Defendants.

**COUNT II (STRICT LIABILITY – FAILURE TO WARN)**

124. The Individual Defendants repeat and reallege their responses to paragraphs 1 through 123 in Plaintiffs' Complaint as if fully set forth herein.

125. Paragraph 125 of Plaintiffs' Complaint states a legal conclusion, to which no response is required, but, if a response is deemed necessary, the Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 125 of Plaintiffs' Complaint.

126. The Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 126 of Plaintiffs' Complaint.

127. The Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 127 of Plaintiffs' Complaint.

128. The Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 128 of Plaintiffs' Complaint.

**COUNT III (STRICT LIABILITY – FAILURE TO TEST)**

129. The Individual Defendants repeat and reallege their responses to paragraphs 1 through 128 in Plaintiffs' Complaint as if fully set forth herein.

130. Paragraph 130 of Plaintiffs' Complaint states a legal conclusion, to which no response is required, but, if a response is deemed necessary, the Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 130 of Plaintiffs' Complaint.

131. The Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 131 of Plaintiffs' Complaint.

132. The Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 132 of Plaintiffs' Complaint.

**COUNT IV (NEGLIGENCE)**

133. The Individual Defendants repeat and reallege their responses to paragraphs 1 through 132 in Plaintiffs' Complaint as if fully set forth herein.

134. Paragraph 134 of Plaintiffs' Complaint states a legal conclusion to which no response is required, but, if a response is deemed necessary, the Individual Defendants admit to all duties imposed by law, if any, but deny that they breached any duty to Plaintiffs, and the Individual Defendants are without knowledge or information sufficient to form a belief as to the truth as such allegations relate to Defendants other than the Individual Defendants.

135. The Individual Defendants deny the allegations in paragraph 135 of Plaintiffs' Complaint as such allegations relate to the Individual Defendants, and the Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 135 of Plaintiffs' Complaint as such allegations relate to Defendants other than the Individual Defendants.

136. The Individual Defendants deny the allegations in paragraph 136 of Plaintiffs' Complaint as such allegations relate to the Individual Defendants, and the Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 136 of Plaintiffs'

Complaint as such allegations relate to Defendants other than the Individual Defendants.

137. The Individual Defendants deny the allegations in paragraph 137 of Plaintiffs' Complaint as such allegations relate to the Individual Defendants, and the Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 137 of Plaintiffs' Complaint as such allegations relate to Defendants other than the Individual Defendants.

138. The Individual Defendants deny the allegations in paragraph 138 of Plaintiffs' Complaint as such allegations relate to the Individual Defendants, and the Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 138 of Plaintiffs' Complaint as such allegations relate to Defendants other than the Individual Defendants.

**COUNT V (BREACH OF WARRANTIES)**

139. The Individual Defendants repeat and reallege their responses to paragraphs 1 through 138 in Plaintiffs' Complaint as if fully set forth herein.

140. Paragraph 140 of Plaintiffs' Complaint contains legal conclusions to which no response is required, but, if a response is deemed necessary, the Individual Defendants deny the allegations in paragraph 140 of Plaintiffs'

Complaint as such allegations relate to them, and the Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 140 of Plaintiffs' Complaint as such allegations relate to Defendants other than the Individual Defendants.

141. The Individual Defendants deny the allegations in paragraph 141 of Plaintiffs' Complaint as such allegations relate to them, and the Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations that Plaintiffs relied upon the Manufacturing Defendants and John Doe Defendants, or that such alleged reliance was reasonable. In further answer, the Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 141 of Plaintiffs' Complaint as such allegations relate to Defendants other than the Individual Defendants.

142. The Individual Defendants deny the allegations in paragraph 142 of Plaintiffs' Complaint.

143. The Individual Defendants deny the allegations in paragraph 143 of Plaintiffs' Complaint as such allegations relate to them, and the Individual Defendants are without knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph 143 of Plaintiffs' Complaint as such allegations relate to Defendants other than the Individual Defendants.

144. The Individual Defendants deny the allegations in paragraph 144 of Plaintiffs' Complaint as such allegations relate to them, and the Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 144 of Plaintiffs' Complaint as such allegations relate to Defendants other than the Individual Defendants.

**COUNT VI (FRAUD AND MISREPRESENTATION)**

145. The Individual Defendants repeat and reallege their responses to paragraphs 1 through 144 in Plaintiffs' Complaint as if fully set forth herein.

146. The Individual Defendants deny the allegations in paragraph 146 of Plaintiffs' Complaint as such allegations relate to the Individual Defendants, and the Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 146 of Plaintiffs' Complaint as such allegations relate to Defendants other than the Individual Defendants. In further answer, the Individual Defendants aver that Plaintiffs have not pled fraud with the specificity required by O.C.G.A. § 9-11-9(b).

147. The Individual Defendants deny the allegations in paragraph 147 of Plaintiffs' Complaint as such allegations relate to the Individual Defendants, and

the Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 147 of Plaintiffs' Complaint as such allegations relate to Defendants other than the Individual Defendants. In further answer, the Individual Defendants aver that Plaintiffs have not pled fraud with the specificity required by O.C.G.A. § 9-11-9(b).

148. The Individual Defendants deny the allegations in paragraph 148 of Plaintiffs' Complaint as such allegations relate to the Individual Defendants, and the Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 148 of Plaintiffs' Complaint as such allegations relate to Defendants other than the Individual Defendants. In further answer, the Individual Defendants aver that Plaintiffs have not pled fraud with the specificity required by O.C.G.A. § 9-11-9(b).

149. The Individual Defendants deny the allegations in paragraph 149 of Plaintiffs' Complaint as such allegations relate to the Individual Defendants, except the Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiffs relied upon the Individual Defendants, or that such alleged reliance was reasonable, and the Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 149 of Plaintiffs' Complaint as

such allegations relate to Defendants other than the Individual Defendants. In further answer, the Individual Defendants aver that Plaintiffs have not pled fraud with the specificity required by O.C.G.A. § 9-11-9(b).

150. The Individual Defendants deny the allegations in paragraph 150 of Plaintiffs' Complaint as such allegations relate to the Individual Defendants, and the Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 150 of Plaintiffs' Complaint as such allegations relate to Defendants other than the Individual Defendants. In further answer, the Individual Defendants aver that Plaintiffs have not pled fraud with the specificity required by O.C.G.A. § 9-11-9(b).

**COUNT VII (NEGLIGENT AND RECKLESS MISREPRESENTATION)**

151. The Individual Defendants repeat and reallege their responses to paragraphs 1 through 150 in Plaintiffs' Complaint as if fully set forth herein.

152. The Individual Defendants deny the allegations in paragraph 152 of Plaintiffs' Complaint as such allegations relate to the Individual Defendants, and the Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 152 of Plaintiffs' Complaint as such allegations relate to Defendants other than the Individual Defendants. In further answer, the Individual Defendants aver that Plaintiffs have not pled

negligent misrepresentation with the specificity required by O.C.G.A. § 9-11-9(b).

153. The Individual Defendants deny the allegations in paragraph 153 of Plaintiffs' Complaint as such allegations relate to the Individual Defendants, and the Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 153 of Plaintiffs' Complaint as such allegations relate to Defendants other than the Individual Defendants. In further answer, the Individual Defendants aver that Plaintiffs have not pled negligent misrepresentation with the specificity required by O.C.G.A. § 9-11-9(b).

154. The Individual Defendants deny the allegations in paragraph 154 of Plaintiffs' Complaint as such allegations relate to the Individual Defendants, and the Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 154 of Plaintiffs' Complaint as such allegations relate to Defendants other than the Individual Defendants. In further answer, the Individual Defendants aver that Plaintiffs have not pled negligent misrepresentation with the specificity required by O.C.G.A. § 9-11-9(b).

155. The Individual Defendants the allegations in paragraph 155 of Plaintiffs' Complaint as such allegations relate to the Individual Defendants, except the Individual Defendants are without knowledge or information sufficient

to form a belief as to the truth of the allegations that Plaintiffs relied upon the Individual Defendants, or that such alleged reliance was reasonable, and the Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 155 of Plaintiffs' Complaint as such allegations relate to Defendants other than the Individual Defendants. In further answer, the Individual Defendants aver that Plaintiffs have not pled negligent misrepresentation with the specificity required by O.C.G.A. § 9-11-9(b).

156. The Individual Defendants deny the allegations in paragraph 156 of Plaintiffs' Complaint as such allegations relate to the Individual Defendants, and the Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 156 of Plaintiffs' Complaint as such allegations relate to Defendants other than the Individual Defendants. In further answer, the Individual Defendants aver that Plaintiffs have not pled negligent misrepresentation with the specificity required by O.C.G.A. § 9-11-9(b).

**COUNT VIII (CONSPIRACY TO DEFRAUD AND FRAUDULENTLY CONCEAL)**

157. The Individual Defendants repeat and reallege their responses to paragraphs 1 through 156 in Plaintiffs' Complaint as if fully set forth herein.

164. Paragraph 164 of Plaintiffs' Complaint states a legal conclusion to which no response is required, but, if a response is deemed necessary, the Individual Defendants deny the allegations in paragraph 164 as such allegations relate to them, and the Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 164 of Plaintiffs' Complaint as such allegations relate to Defendants other than the Individual Defendants.

## COUNT X (SALES DIRECTOR AND SALES REP DEFENDANT LIABILITY)

165. The Individual Defendants repeat and reallege their responses to paragraphs 1 through 164 in Plaintiffs' Complaint as if fully set forth herein.

166. Paragraph 166 of Plaintiffs' Complaint states a legal conclusion to which no response is required, but, if a response is deemed necessary, Scott and Molnar deny the allegations in paragraph 166 as such allegations relate to Scott and Molnar, and Scott and Molnar are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 166 of Plaintiffs' Complaint as such allegations relate to Defendants other than Scott and Molnar. Kaiser denies the allegations in paragraph 166 as such allegations relate to Kaiser, and Kaiser is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 166 of Plaintiffs' Complaint as such allegations relate to Defendants other than Kaiser.

167. Paragraph 167 of Plaintiffs' Complaint states a legal conclusion to which no response is required, but, if a response is deemed necessary, Scott and Molnar deny the allegations in paragraph 167 as such allegations relate to Scott and Molnar, and Scott and Molnar are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 167 of Plaintiffs' Complaint as such allegations relate to Defendants other than Scott and Molnar. Kaiser denies the allegations in paragraph 167 as such allegations relate to Kaiser, and Kaiser is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 167 of Plaintiffs' Complaint as such allegations relate to Defendants other than Kaiser.

168. The Individual Defendants deny the allegations in paragraph 168 as such allegations relate to the Individual Defendants, and the Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 168 of Plaintiffs' Complaint as such allegations relate to Defendants other than the Individual Defendants.

**COUNT XI (JOINT AND SEVERAL LIABILITY)**

169. The Individual Defendants repeat and reallege their responses to paragraphs 1 through 168 in Plaintiffs' Complaint as if fully set forth herein.

170. Paragraph 170 of Plaintiffs' Complaint states a legal conclusion to which no response is required, but, if a response is deemed necessary, the Individual Defendants deny the allegations in paragraph 170 as such allegations relate to them, and the Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 170 of Plaintiffs' Complaint as such allegations relate to Defendants other than the Individual Defendants.

**COUNT XII (PLAINTIFFS' DAMAGES)**

171. The Individual Defendants repeat and reallege their responses to paragraphs 1 through 170 in Plaintiffs' Complaint as if fully set forth herein.

172. The Individual Defendants deny the allegations in paragraph 172 of Plaintiffs' Complaint as such allegations relate to the Individual Defendants, and the Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 172 of Plaintiffs' Complaint.

## COUNT XIII (PUNITIVE DAMAGES)

173. The Individual Defendants repeat and reallege their responses to paragraphs 1 through 172 in Plaintiffs' Complaint as if fully set forth herein.

174. Count XIII (Punitive Damages) of Plaintiffs' Complaint is addressed to Defendants Interneuron and Celltech and requires no response from the Individual Defendants.

175. Paragraph 175 of Plaintiffs' Complaint states a legal conclusion to which no response is required, but, if a response is deemed necessary, the Individual Defendants deny the allegations in paragraph 175 of Plaintiffs' Complaint as such allegations relate to the Individual Defendants, except that the Individual Defendants admit that punitive damages should not be imposed against the AHP/WYETH Defendants as that term is used in the Plaintiffs' Complaint, and the Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 175 of Plaintiffs' Complaint as such allegations relate to other Defendants.

## RESPONSE TO EVERY ALLEGATION OF PLAINTIFFS' COMPLAINT

The Individual Defendants deny each and every allegation in Plaintiffs' Complaint, except as expressly admitted above.

## RESPONSE TO PLAINTIFFS' PRAYER FOR RELIEF

The Individual Defendants deny that Plaintiffs are entitled to any relief whatsoever from the Individual Defendants, including any relief requested in Plaintiffs' prayer for relief.

## SECOND DEFENSE

Plaintiffs' Complaint and each count thereof fail to state a claim upon which relief may be granted.

## THIRD DEFENSE

Plaintiffs' causes of action are barred in whole or in part by the applicable statute of limitations, to the extent not otherwise provided in § IV.D.3.c, § IV.D.4.c, and/or § VII.B.4 of the Nationwide Class Action Settlement Agreement with American Home Products Corporation (the "Settlement Agreement").

## FOURTH DEFENSE

Plaintiffs' are members of a class which is subject to the provisions of a Nationwide Class Action Settlement Agreement with American Home Products Corporation, approved by the United States District Court for the Eastern District of Pennsylvania. By reason of that Settlement Agreement, Plaintiffs' claims for punitive damages against Wyeth, Wyeth Pharmaceuticals, the Individual Defendants, and Douglas W. Ray are barred.

**FIFTH DEFENSE**

Plaintiffs' causes of action are barred in whole or in part by the doctrines of laches, waiver and estoppel, to the extent not otherwise provided in § IV.D.3.c, § IV.D.4.c, and/or § VII.B.4 of the Settlement Agreement.

**SIXTH DEFENSE**

Plaintiffs' Complaint is defective in that Plaintiffs have failed to join indispensable parties.

**SEVENTH DEFENSE**

Plaintiffs' causes of action are moot.

**EIGHTH DEFENSE**

At all relevant times Plaintiffs were knowledgeable purchasers who were aware of the alleged risks of Pondimin and Redux, and therefore, Plaintiffs expressly or impliedly assumed the risk of any alleged damages.

**NINTH DEFENSE**

Plaintiffs' causes of action are barred because a reasonable purchaser and/or consumer would have been aware of the alleged risks of Pondimin and Redux.

**TENTH DEFENSE**

Plaintiffs' claims are barred because the negligence of Plaintiffs equaled or preponderated over the acts or omissions of the Individual Defendants, if any, in

producing and bringing about the injuries and damages which Plaintiffs have alleged, and thus, Plaintiffs' claims are barred by the doctrine of contributory negligence.

## ELEVENTH DEFENSE

To the extent Plaintiffs' negligence was less than the negligence of the Individual Defendants (any such negligence being denied), Plaintiffs' recovery must be diminished in proportion to the negligence of Plaintiffs.

## TWELFTH DEFENSE

The damages alleged by Plaintiffs were caused or proximately caused by some person or third party other than the Individual Defendants for whom the Individual Defendants are not legally responsible.

## THIRTEENTH DEFENSE

Plaintiffs' alleged damages resulted from new and independent, unforeseeable, superseding and/or intervening causes unrelated to any conduct of, or product placed in the stream of commerce by, the Individual Defendants.

## FOURTEENTH DEFENSE

Plaintiffs' alleged damages were not proximately caused by any act or omission of the Individual Defendants.

## FIFTEENTH DEFENSE

Plaintiffs' alleged damages were the result of pre-existing conditions which were unrelated to any conduct of, or product placed in the stream of commerce by, the Individual Defendants.

## SIXTEENTH DEFENSE

Plaintiffs' alleged damages were the result of an idiosyncratic reaction that the Individual Defendants could not reasonably foresee.

## SEVENTEENTH DEFENSE

Plaintiffs were not foreseeable users of the products.

## EIGHTEENTH DEFENSE

Plaintiffs' damages, if they were caused by Pondimin or Redux, were caused in whole or in part by misuse or unintended use of the product.

## NINETEENTH DEFENSE

Plaintiffs' damages, if any, were caused by changes and/or alterations to products made by persons not within the Individual Defendants' control.

## TWENTIETH DEFENSE

Plaintiffs' alleged damages were not caused by any failure to warn on the part of the Individual Defendants.

**TWENTY-FIRST DEFENSE**

Any claims by Plaintiffs for inadequate warnings are controlled by, and barred under, the learned intermediary doctrine.

**TWENTY-SECOND DEFENSE**

Plaintiffs' causes of action are barred in whole or in part by their failure to assert a safer design for Pondimin and Redux.

**TWENTY-THIRD DEFENSE**

Plaintiffs' causes of action are barred in whole or in part by the lack of a defect as the Pondimin and Redux ingested by Plaintiffs were properly prepared in accordance with the applicable standard of care.

**TWENTY-FOURTH DEFENSE**

Plaintiffs' product liability causes of action are barred because the benefits of Pondimin and Redux outweighed their risks.

**TWENTY-FIFTH DEFENSE**

Plaintiffs' product liability causes of action are barred because the relevant product was consistent with or exceeded consumer expectations.

**THIRTY-FIRST DEFENSE**

The damages, if any, recoverable by Plaintiffs must be reduced by any amount of damages legally caused by Plaintiffs' failure to mitigate such damages in whole or part.

**THIRTY-SECOND DEFENSE**

Plaintiffs suffered no physical injury from Pondimin or Redux.

**THIRTY-THIRD DEFENSE**

Each item of economic loss alleged in Plaintiffs' Complaint was, or with reasonable certainty will be, replaced or indemnified, in whole or in part, from collateral sources.

**THIRTY-FOURTH DEFENSE**

The Individual Defendants deny responsibility for any injury or damage claimed in the Complaint, but, if any liability on the part of the Individual Defendants is found, the Individual Defendants will claim the benefit of the limited liability provisions of O.C.G.A. § 51-11-7.

**THIRTY-FIFTH DEFENSE**

The Individual Defendants deny responsibility for any injury or damage claimed in the Complaint, but, if any liability on the part of the Individual

Defendants is found, the Individual Defendants will claim the benefit of the provisions of O.C.G.A. § 51-12-3.

**THIRTY-SIXTH DEFENSE**

The Individual Defendants expressly deny that any third party engaging in the acts alleged by Plaintiffs was acting as The Individual Defendant's agent or servant, at the instruction of the Individual Defendants or within the Individual Defendants' control. Therefore, Plaintiffs' claims, to the extent they seek to recover for the acts or omissions of such third parties, are barred in whole or in part as a matter of law.

**THIRTY-SEVENTH DEFENSE**

Plaintiffs impermissibly seek to impose liability on conduct protected from liability by the First Amendment to the United States Constitution and by Article I, Section I, Paragraph V of the Georgia Constitution.

**THIRTY-EIGHTH DEFENSE**

Plaintiffs' claims may be barred by the doctrines of res judicata and/or collateral estoppel.

**THIRTY-NINTH DEFENSE**

The statutes of the State of Georgia which authorize the imposition of aggravated, exemplary, or punitive damages (O.C.G.A. § 51-12-5 or § 51-12-5.1)

are contrary, by their express terms and as they may be applied to the Individual Defendants in this case, to the Constitution of the United States and the Georgia Constitution, and are therefore barred inasmuch as the statutes allow for the deprivation of property without due process of the law.

**FORTIETH DEFENSE**

The statutes of the State of Georgia which authorize the imposition of aggravated, exemplary, or punitive damages are contrary, by their express terms and as they may be applied to the Individual Defendants in this case, to the Constitution of the United States and the Georgia Constitution, and are therefore barred inasmuch as the statutes deny the Individual Defendants equal protection of the law by providing fewer protections for civil litigants than the criminal statutes which provide for the imposition of monetary fines.

**FORTY-FIRST DEFENSE**

The statutes of the State of Georgia which authorize the imposition of aggravated, exemplary, or punitive damages are contrary, by their express terms and as they may be applied to the Individual Defendants in this case, to the Constitution of the United States and the Georgia Constitution, and are therefore void inasmuch as the statutes allow for the imposition of an excessive fine.

**FORTY-SECOND DEFENSE**

Unless the Individual Defendants' liability for punitive damages and the appropriate amount of punitive damages are required to be established by clear and convincing evidence, any award of punitive damages would violate the Individual Defendants' due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Article I, Section I, Paragraph I of the Georgia Constitution, and would be improper under the common law and public policies of the State of Georgia.

**FORTY-THIRD DEFENSE**

The claim for punitive damages against the Individual Defendants cannot be sustained, because any award of punitive damages without bifurcating the trial and trying all punitive damages arises only if and after liability on the merits has been found, would violate the Individual Defendants' due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Section I, Paragraph I of the Georgia Constitution, and would be improper under the common law and public policies of the State of Georgia and under O.C.G.A. § 51-12-5.1(d)(1).

**FORTY-FOURTH DEFENSE**

The claim for punitive damages against the Individual Defendants cannot be sustained, because an award of punitive damages under Georgia law subject to a predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose would violate the Individual Defendants' due process rights guaranteed by Article I, Section I, Paragraph I of the Georgia Constitution, and would be improper under the common law and public policies of the State of Georgia.

**FORTY-FIFTH DEFENSE**

The claim for punitive damages against the Individual Defendants cannot be sustained, because an award of punitive damages under Georgia law by a jury that (1) are not provided standards of sufficient clarity for determining the appropriateness, and the appropriate size, of a punitive damage award, (2) are not adequately instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment, (3) are not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the bases of invidiously discriminating characteristics, including the residence and wealth of the Individual Defendants, (4) are permitted to award punitive damages under the standard for determining

liability for punitive damages that are vague and arbitrary and does not define with sufficient clarity the conduct or mental states that makes punitive damages permissible, and (5) are not subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of objective standards, would violate the Individual Defendants' due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Article I, Section I, Paragraphs I and II of the Georgia Constitution, and would be improper under the common law and public policies of the State of Georgia.

**FORTY-SIXTH DEFENSE**

Any award of punitive damages based on anything other than the Individual Defendants' conduct in connection with the alleged manufacture or sale of the drug that are the subject of this lawsuit would violate the due process clause of the Fourteenth Amendment to the United States Constitution and Article I, Section I, Paragraph I of the Georgia Constitution, and would be improper under the common law and public policies of the State of Georgia, because any other judgment for punitive damages in this case cannot protect the Individual Defendants against impermissible multiple punishment for the same wrong.

**FORTY-SEVENTH DEFENSE**

No act or omission of the Individual Defendants was malicious, willful, wanton, reckless or grossly negligent, and, therefore, any award of punitive damages is barred.

**FORTY-EIGHTH DEFENSE**

Plaintiffs' causes of action are barred in whole or in part by insufficiency of process.

**FORTY-NINTH DEFENSE**

Plaintiffs' causes of action are barred in whole or in part by insufficiency of service of process.

**FIFTIETH DEFENSE**

Plaintiffs' claims may be barred by the doctrine of accord and satisfaction.

**FIFTY-FIRST DEFENSE**

Plaintiffs are members of a class which is subject to the provisions of a Nationwide Class Action Settlement Agreement with American Home Products Corporation, approved by the United States District Court for the Eastern District of Pennsylvania. By reason of that Settlement Agreement, Plaintiffs' causes of action are barred in whole or in part by the doctrines of merger, bar, collateral

estoppel, res judicata, release, discharge, accord and satisfaction, and covenant not to sue and are barred by an injunction entered by that Court.

**FIFTY-SECOND DEFENSE**

Plaintiffs' claims should be dismissed due to improper venue.

**FIFTY-THIRD DEFENSE**

Plaintiffs have failed to provide the verification required under O.C.G.A. § 9-11-11.1.

**FIFTY-FOURTH DEFENSE**

This Court should decline to exercise jurisdiction under the doctrine of forum non conveniens.

**FIFTY-FIFTH DEFENSE**

This Court should decline to exercise jurisdiction over some or all Plaintiffs' causes of action pursuant to O.C.G.A. § 50-2-21.

**FIFTY-SIXTH DEFENSE**

Plaintiffs have failed to comply with O.C.G.A. § 9-11-15.

**FIFTY-SEVENTH DEFENSE**

Plaintiffs have failed to comply with O.C.G.A. § 9-11-21.

## FIFTY-EIGHTH DEFENSE

The Individual Defendants hereby give notice that they intend to rely upon any other defense that may become available or appear during the discovery proceedings in the case and hereby reserve the right to amend this Answer to assert any such defense. The Individual Defendants also reserve the right to assert other and related defenses as may become available upon a determination of the law applicable to the action or any part thereof or claim therein.

**WHEREFORE**, the Individual Defendants pray for relief and judgment against Plaintiffs as follows:

A. That Plaintiffs take nothing by reason of this Complaint;

B. That the Individual Defendants recover their fees, costs, and attorneys' fees incurred herein;

C. For such other and further relief as the Court deems just and proper.

Defendants Robert L. Scott, John A. Molnar and Steven Kaiser HEREBY DEMAND a trial by jury of twelve persons.

Respectfully submitted this 4th day of August, 2003.

Stephen M. Lore

Richard B. North, Jr.
Georgia Bar No. 545599
Stephen M. Lore
Georgia Bar No. 457845
Stephen M. Brooks
Georgia Bar No. 085151
Taylor T. Daly
Georgia Bar No. 697887

*Attorneys for Defendants Robert L. Scott, John A. Molnar and Steven Kaiser*

NELSON MULLINS RILEY &
SCARBOROUGH, L.L.P.
Suite 1400
999 Peachtree Street, NE
Atlanta, GA 30309
(404) 817-6000
Fax (404) 817-6050